UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$30,020.00 UNITED STATES CURRENCY, )<br>)<br>Defendant. ) | Cause No.: 1:22-cv-00746 |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

### NATURE OF THE CLAIM

1. The United State of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 23 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**DEFENDANT**

5. The Defendant is thirty thousand, twenty dollars in United States Currency ("$30,020.00," or "Defendant Property") (Asset Identification Number 20-CBP-000779). The Defendant Property was seized on August 19, 2020, by Indiana State Police and transferred to the custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP") by the Marion County Superior Court on May 26, 2021.

**FACTS**

6. On August 19, 2020, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Shipping

companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the commonality of this practice, task force officers are trained to identify indicators of suspicious packages. Suspicious packages are typically sent via overnight priority shipping and paid for with cash. Smugglers will often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions, as do parcels sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8. During the course of operation, a package being shipped by a parcel service with the shipping label attached reflecting a tracking number of 3959-4645-3098 ("Parcel 3098" or the "Package"), was identified as suspicious. Parcel 3098 was addressed to Estella Navarrette, 1739 West 145th Street, Apt. A. Gardena, CA 90247, with no phone number listed. The sender was identified as Christian Javier, 713 New Jersey Street, Clearwater, FL 33756, with phone number XXX-XXX-2729.

9. Parcel 3098 drew the attention of officers and was deemed suspicious for several reasons. First, Parcel 3098 was a new parcel box with taped seams. Parcel 3098 was sent using priority overnight shipping, and paid for with cash, with no telephone number listed for the receiver. The parcel was shipped from a residence to a residence. The parcel was being shipped

to a source state (California).

10.     A certified drug detection canine, handled by an IMPD officer, inspected Parcel 3098 and other packages. The drug detection canine indicated there was a controlled substance odor emitting from Parcel 3098. The drug detection canine has been certified for over seven years and has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

11.     IMPD officers applied for a search warrant to inspect Parcel 3098 based on the suspicious nature of the package and the certified drug detection canine's positive indication. On August 19, 2020, a Marion County Superior Court judge granted the search warrant upon a finding of probable cause.

12.     On August 19, 2020, Task Force Officers executed the search warrant and opened Parcel 3098. Upon opening Parcel 3098, officers found two sealed shipping envelopes, each containing sealed plastic bags concealing stacks of the U.S. currency. As discussed in Paragraph 7 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.

   
  

13. After the package was opened, officers used the certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine gave a positive indication of narcotic odor, indicating that the $30,020.00 possessed the threshold-controlled substance contamination. The certified drug detection canine is trained not to detect uncontaminated currency.

14. As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the $30,020.00 was seized and taken into custody by ISP. The currency was converted to a cashier's check number 9143718506 and remained in the custody of ISP pending the signing of a state turnover order by a Marion County Superior Court judge in

Indianapolis, Indiana.

15. Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 3098. It was determined that the sender Javier was associated with the address on the shipping label, but he was not associated with the phone number. Christian Javier's true identity appears to be Christian Javier Velazquez-Rodriguez. Velazquez-Rodriguez has a Florida criminal history that includes armed burglary and possession of marijuana.

16. The recipient, Navarrette also was associated with the address on the shipping label. No criminal history could be located for her and there was no phone number listed on the parcel for Navarrette.

17. On April 15, 2021, a Marion County Superior Court judge issued an order transferring the Defendant Property to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Cause Number 49D13-2008-MI-029421. The Defendant Property was transferred from ISP to DHS-CBP on May 26, 2021.

18. DHS-CBP sent notice to the sender and recipient on July 22, 2021, to address the Matter through administrative proceedings. The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for judicial forfeiture proceedings. DHS-CBP confirmed that the letter sent to the sender Christian Javier was delivered on July 23, 2021. DHS-CBP also confirmed that the letter sent to the receiver Estella Navarrette was delivered on July 23, 2021. To date, the sender Christian Javier, or receiver Estella Navarrette have not contacted DHS-CBP.

19. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at*

https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules_Tariff.pdf

## PERTINENT STATUES

20.     Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

21.     Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to 23 U.S.C. § 881 (a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

22.     Based on the factual allegation set forth above, the Defendant Property is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the

arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this court deems just and proper.

ZACHARY MYERS
United States Attorney

By:   *s/Kelly Rota*
Kelly Rota
Assistant United States Attorney
Office of the United States Attorney
10 W Market St., Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, S/A Kevin Boyle, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 01/26/2022

Special Agent, HSI